UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

1-800-RADIATOR OF WISCONSIN, LLC,

    Plaintiff,

v.                                                                               Case No. 08-C-362

1-800-RADIATOR FRANCHISE, INC., et al,

    Defendants.

---

**ORDER DENYING MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT**

---

On September 29, 2008, Plaintiff filed an expedited motion for leave to file a second amended complaint. The proposed amended complaint seeks to add additional facts relating to the defendant's alleged violation of the Wisconsin Fair Dealership Law ("WFDL"), Wis. Stat. 135.01, *et seq.*, and to add as a new party plaintiff Challis Radiator, LLC, d/b/a 1-800-Radiator of Madison. Plaintiff contends that the Defendants will suffer no prejudice because the matter has been stayed and referred to arbitration.

Rather than file a response to Plaintiff's motion, Defendant has filed an expedited motion to strike Plaintiff's motion for leave to file a second amended complaint. Defendant contends that the motion should be struck because this court has already concluded that the matter should be referred to arbitration and further, it appears from a footnote in Plaintiff's earlier motion for a temporary restraining order that the new party it seeks to add as a plaintiff has already settled its

claim with the Defendant. Under these circumstances, Defendant questions Plaintiff's authority to represent Challis.

Treating the Defendant's motion to strike as a response to the motion for leave to file a second amended complaint, I now conclude that the motion should be denied. The Court has previously ruled that Plaintiff's action should be stayed and referred to arbitration. While a stay was lifted for the limited purpose of addressing Plaintiff's request for a temporary restraining order, it does not follow that the case is now to proceed in this forum as opposed to arbitration as called for in the parties' agreement. It also appears from the Plaintiff's motion for a temporary restraining order that Challis has in fact settled its claim with the Defendant and thus would no longer be a proper party in this case. For these reasons, Plaintiff's motion for leave to file a second amended complaint is denied. Defendants' motion to strike will be denied as moot.

**SO ORDERED** this   10th   day of October, 2008.

                                              s/ William C. Griesbach
                                              William C. Griesbach
                                              United States District Judge